UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD C.,<br><br>                                    Plaintiff,<br><br>v.<br><br>MARTIN J. O'MALLEY, Commissioner of Social Security,[1]<br><br>                                    Defendant. | Case No.: 23-cv-01170-AJB-KSC<br><br>**ORDER GRANTING JOINT MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**<br><br>**(Doc. No. 17)** |

Presently before the Court is the parties' joint motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. No. 17.) The Court decides the matter without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons set forth, the Court **GRANTS** the joint motion.

**I.   BACKGROUND**

On June 25, 2023, Plaintiff filed a complaint, seeking judicial review of the Commissioner's decision to deny his claim for benefits. (Doc. No. 1.) After the Commissioner filed the administrative record, the Court issued a Scheduling Order setting a briefing schedule for judicial review of the Commissioner's Final Decision. (Doc. Nos.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner O'Malley is automatically substituted following his appointment in December 2023.

1

8–9.) Thereafter, Plaintiff filed his opening brief, (Doc. No. 11), to which the Commissioner responded, (Doc. No. 13), and Plaintiff replied, (Doc. No. 14).

Magistrate Judge Karen S. Crawford filed a Report and Recommendation ("R&R") on July 3, 2024, recommending that the Commissioner's decision be vacated, and the action be remanded for further administrative proceedings. (Doc. No. 15.) Upon review of the R&R and receiving no objections from the parties, the Court adopted Magistrate Judge Crawford's R&R in its entirety. (Doc. No. 16.)

The parties now move for an award of $7,346.84 in fees pursuant to 42 U.S.C. § 406(b), and no costs. (Doc. No. 17.) This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this action. (*Id.*)

## II.    THRESHOLD ISSUE OF TIMELINESS

The prevailing party is eligible to seek attorney's fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). "A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, upon expiration of the time for appeal." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (internal citation omitted). Under Federal Rule of Appellate Procedure 4(a)(1)(B), the time for appeal expires sixty days after entry of judgment if one of the parties is a United States officer sued in an official capacity. Therefore, a motion for attorney's fees filed after a sentence four remand is timely if filed within thirty days after Rule 4(a)'s sixty-day appeal period has expired. *See Hoa Hong Van v. Barnhart*, 483 F.3d 600, 611–12 (9th Cir. 2007).

Here, the parties filed the attorney fees motion on August 19, 2024, 47 days after final judgment was filed on July 3, 2024. Therefore, the motion before the Court may seem premature since it was filed before the end of the 60-day appeal period. *See Auke Bay Concerned Citizen's Advisory Council v. Marsh*, 779 F.2d 1391, 1393 (9th Cir. 1986) ("Section 2412(d)(1)(B) establishes a clear date *after which* applications for attorney fees must be rejected as untimely; 30 days after final judgment. The statute is less clear about a time *before which* applications must be rejected.").

///

However, even where the appeal period has not yet run, an application for EAJA attorney fees is nonetheless timely "if (1) the applicant files *no more than* 30 days after final judgment, and (2) the applicant is able to show that he or she 'is a prevailing party and is eligible to receive an award under this subsection.'" *Id.* (emphasis added) (quoting 28 U.S.C. § 2412(d)(1)(B)). Thus, an early application is timely where "a court order substantially grants the applicant's remedy before final judgment is entered" such that the applicant is able to show that she has prevailed. *Id.* The Court finds these criteria are met here, such that the joint motion for EAJA fees is timely. *See Jalal H. v. Comm'r of Soc. Sec.*, No.: 3:22-cv-02043-AHG, 2023 WL 3295182, at *2 (S.D. Cal. May 5, 2023) (holding the joint motion for the plaintiff's EAJA fee was timely where motion was filed before the 60-day appeal period had run); *Dickey v. Colvin*, No. 14-CV-00629-WHO, 2015 WL 575986, at *3 (N.D. Cal. Feb. 10, 2015) (applying *Auke Bay* to conclude a plaintiff's EAJA fee motion was not premature in a Social Security case, although the motion was filed before the 60-day appeal period had run, where the court had remanded for payment of benefits rather than further proceedings). Here, the Court substantially granted Plaintiff's remedy before entry of final judgment by vacating the final decision of the Commissioner denying Plaintiff's application for benefits. (*See* Doc. Nos. 15, 16.) Therefore, the Court finds the joint motion is timely.

## III.   DISCUSSION

A litigant is entitled to attorney's fees and costs under the EAJA if: "(1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (citing *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002)); *see also* 28 U.S.C. § 2412(d)(1)(A).

### A.   Prevailing Party

A plaintiff is a prevailing party if he "has 'succeeded on any significant issue in litigation which achieve[d] some of the benefit . . . sought in bringing suit.'" *Ulugalu v. Berryhill*, No. 17cv1087-GPC-JLB, 2018 WL 2012330, at *2 (S.D. Cal. Apr. 30, 2018)

(quoting *Schalala v. Schaefer*, 509 U.S. 292, 302 (1993)). Here, as discussed above, Plaintiff is the prevailing party because the Court vacated the decision of the Commissioner and remanded the matter.

### B.     Substantial Justification

Next, the Commissioner makes no argument that his position was substantially justified. *See Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) ("It is the government's burden to show that its position was substantially justified."). Rather, the instant fee request comes to the Court by way of a joint motion. (*See* Doc. No. 17.) Accordingly, the Commissioner has not met his burden of showing his position was substantially justified or that special circumstances make an award unjust.

### C.     Reasonableness of Hours

Next, the parties seek a fee award for 29.6 hours billed by Plaintiff's counsel and 2.7 hours billed by counsel's legal assistant. (Doc. No. 17-1 at 1–2.) The counsel's hours are reasonable in light of Plaintiff's results in the case. *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee."); *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (noting "[m]any district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases"); *Chavez v. Colvin*, No. CV-12-01124-PHX-DGC, 2014 WL 4284791, at *1 (D. Ariz. Aug. 29, 2014) (finding 39 hours billed by plaintiff's counsel a reasonable number of hours); *Stearns v. Colvin*, No. 3:14-CV-05611 JRC, 2016 WL 730301, at *5 (W.D. Wash. Feb. 24, 2016) (collecting cases to establish that the typical number of hours reported for counsel in a social security case ranged from 18–40 hours); *Guzman v. Comm'r of Soc. Sec.*, No. 2:20-CV-0468-KJN, 2021 WL 2534462, at *4 (E.D. Cal. June 21, 2021) (finding a total of 38 hours for counsel spent prosecuting the Social Security appeal to be reasonable in a case where, as here, the parties agreed to a sentence-four remand). Notably, this case was resolved in Plaintiff's favor. *See Costa*, 690 F.3d at 1136 ("Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases.").

Additionally, "courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *Id.* (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112–13 (9th Cir. 2008)). Therefore, the Court will not question counsel's judgment that the hours expended by Plaintiff's counsel were necessary to achieve a favorable result in this case.

### D. Reasonableness of Hourly Rate

The EAJA provides the Court may award reasonable attorney fees "based upon prevailing market rates for the kind and quality of the services furnished," but "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Ninth Circuit's statutory maximum EAJA rate for work performed in 2023, factoring in increases in the cost of living, is $244.62. *See* United States Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited August 20, 2024). There is not yet a published statutory rate for work performed in 2024, but, consistent with the Ninth Circuit's guidance, attorneys are directed to use the 2023 rate of $244.62 for work done in 2024 in their billing records. *See id.* (instructing attorneys to "use the rate that is posted for the previous period" if no rate is posted for the period in which the attorney's work was performed).

While Plaintiff's counsel uses a rate of $252.20 for attorney time in 2024, (Doc. No. 17-1 at 1), the Court declines to use this rate and instead applies the EAJA rate of $244.62 for work performed in 2024. Plaintiff's counsel also requests an hourly rate of $110 for his legal assistant. (Doc. No. 17-1 at 2.) Moreover, while Plaintiff's initial requested amount

totaled $7,546.84,[2] the parties request a total discounted amount of $7,346.84. (*See* Doc. No. 17.) The Court finds this to be reasonable.

### E. Assignment of Rights to Counsel

The parties jointly request that "[f]ees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Plaintiff's attorney, Francesco Benavides, pursuant to the assignment executed by Plaintiff." (Doc. No. 17 at 2; *see also* Doc. No. 17-2 (agreement signed by Plaintiff stating, "Claimant hereby assigns any and all rights to any attorney fees payable under the Equal Access to Justice Act (EAJA) to her attorney, Francesco Benavides, and consents to the payment of those fees directly to Francesco Benavides.").

The Supreme Court has held that "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010). Nonetheless, "district courts have recognized that *Ratliff* does not prevent payment of a fee award directly to the attorney where there has been a valid assignment and the plaintiff does not owe a debt to the government." *Ulugalu*, 2018 WL 2012330, at *4–*5 (reviewing plaintiff's assignment agreement and ordering that the EAJA fees be paid to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt); *Bell v. Berryhill*, No. 16cv809-MMC, 2018 WL 452110, at *5 (N.D. Cal. Jan. 17, 2018) (same); *Blackwell v. Astrue*, No. CIV-08-1454-EFB, 2011 WL 1077765, at *4–*5 (E.D. Cal. Mar. 21, 2011) (same); *Castaneda v. Astrue*, No. EDCV-09-1850-OP, 2010 WL 2850778, 2010 U.S. Dist. LEXIS 72887 (C.D. Cal. Jul. 20, 2010) (same); *see also Calderon v. Astrue*, No. 08cv1015-GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 21, 2010) ("Plaintiff, as the prevailing litigant, would normally be awarded the fees described above, subject to any

---

[2] Applying the EAJA rate of $244.62 to the 1.2 hours Plaintiff's counsel billed in 2024, the amended total for counsel and his legal assistant would be $7,537.75.

offset for applicable government debts. Defendant, however, seems to be content to permit payment to Plaintiff's counsel if Plaintiff does not have any qualifying government debt . . . . This Court finds the government's position to be reasonable and will therefore permit payment to Plaintiff's counsel provided Plaintiff has no government debt that requires offset").

Here, Plaintiff assigned his right to EAJA fees to his attorney. (Doc. No. 17-2.) Accordingly, if Plaintiff has no federal debt that is subject to offset, the award of fees may be paid directly to his counsel, Francesco Benavides, pursuant to the assignment agreement.

## IV.   CONCLUSION

Based on the foregoing, the Court hereby **ORDERS** that:

1. The parties' Joint Motion for the Award of Attorney Fees Under the Equal Access to Justice Act (Doc. No. 17) is **GRANTED**;

2. Plaintiff is awarded attorney fees under the EAJA in the amount of $7,346.84; and

3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010), any payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government shall accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel. (*See* Doc. No. 17-2); *see, e.g.*, *Mendoza v. Saul*, No. 18cv925-SKO, 2020 WL 406773, at *5 (E.D. Cal. Jan 24, 2020).

IT IS SO ORDERED.

Dated:  August 20, 2024

Hon. Anthony J. Battaglia
United States District Judge