UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Edward C.,<br><br>                              Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Acting<br>Commissioner of Social Security,<br><br>                              Defendant. | Case No.:  23-cv-01170-AJB-KSC<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**<br><br>**(Doc. No. 19)** |

Before the Court is a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) filed by Francesco Benavides, counsel for Plaintiff Edward C. ("Plaintiff"). (Doc. No. 19.) Pursuant to Civil Local Rule 7.1.d.1, the Court finds the matter suitable for determination on the papers. For the reasons set forth below, the Court **GRANTS** the motion for attorney's fees.

## I.    BACKGROUND

On June 23, 2023, Plaintiff signed a contingency fee agreement retaining Benavides to represent Plaintiff in connection with his disability insurance benefits claim before the United States District Court. (Doc. No. 19-6.)

On June 25, 2023, Plaintiff filed a complaint seeking judicial review of the Commissioner's denial of his application for disability insurance benefits. (Doc. No. 1.)

1

On July 29, 2024, the Court entered judgment in favor of Plaintiff, vacated the decision of the Commissioner, and remanded the matter to the Social Security Administration ("SSA") for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. Nos. 16; 21; 22.)

On August 20, 2024, the parties filed a joint motion for Plaintiff to be awarded attorney's fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. No. 17.) The Court granted the joint motion, awarding the requested $7,346.84 in fees and no costs. (Doc. No. 18.) Subsequently, on remand, the SSA awarded Plaintiff $92,483.90 in retroactive benefits. (Doc. Nos. 19-1 at 1; 19-2, Declaration of Francesco Benavides, ("Benavides Decl."), ¶ 4; 19-4 (Notice of Award).)

On April 6, 2026, Benavides filed the instant motion in which he seeks $13,900.00 pursuant to 42 U.S.C. §406(b) for 29.6 hours expended, $7,346.84 of which Benavides will reimburse Plaintiff for the previously awarded EAJA fees. (*See generally* Doc. No. 19.) No response has been filed (*see generally* Docket), and the deadline for response and reply has expired, (*see* Doc. No. 20).

## II.    LEGAL STANDARD

"Under 42 U.S.C. § 406(b), a court entering judgment in favor of [a social security] claimant who was represented by an attorney 'may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.'" *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (quoting § 406(b)(1)(A)). "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

"[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793,

23-cv-01170-AJB-KSC

808). When determining reasonableness, the court must consider "whether the amount need be reduced, not whether the loadstar amount should be enhanced." *Id.* at 1149. While there is not a definitive list of factors, courts should consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 533 U.S. at 808. "The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151. However, since *Gisbrecht*, "district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for non[-]contingency-fee arrangements." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). Finally, any fee award under § 406 must be offset by any award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.

## III.    DISCUSSION

Having reviewed the record and respecting the primacy of lawful attorney-client fee agreements, the Court finds that the amount of attorney's fees sought is reasonable. *See Crawford*, 586 F.3d at 1148. First, the requested amount is does not exceed the agreed upon 25% cap for services rendered prosecuting judicial review.[1] (*See* Doc. No. 19-1.) Moreover, there is no indication that Plaintiff's agreement to pay counsel 25% of any past-due benefits was reached by improper means. There is nothing in the record to suggest substandard performance, dilatory conduct, or a disproportionate amount of time spent on this case relevant to the benefits at stake. Rather, counsel's representation resulted in a favorable outcome before this Court, a favorable decision on remand before the SSA, and the Commissioner's award of past-due benefits. (*See* Doc. Nos. 16; 19.)

Lastly, the Court notes that the effective hourly rate of approximately is well within the range of rates awarded by other courts. *See, e.g., Guy C. v. Bisignano*, No. 23-CV-01105-AJB-MSB, 2025 WL 1655438, at *2 (S.D. Cal. June 11, 2025) (finding an hourly

---

[1]    In fact, by the Court's calculation, the requested fees are approximately 15% of the awarded retroactive benefits.

23-cv-01170-AJB-KSC

rate of $1,533.33 to be "high" but "within the range of rates awarded by other courts"); *Reddick v. Berryhill*, No. 16-CV-00029-BTM-BLM, 2019 WL 2330895, at *1–2 (S.D. Cal. May 30, 2019) (granting $43,000 in fees for 21.6 hours of work, which effectively is an hourly rate of $1,990.74, on reconsideration). In fact, Benavides excluded from his hours 2.7 hours expended by his legal assistant on this case, which also supports the reasonableness of the request.

Accordingly, based on the character of counsel's representation and the favorable results achieved, the Court finds the requested fees in the amount of $13,900.00 reasonable.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's counsel's motion for attorney's fees pursuant to 42 U.S.C. § 406(b) and **APPROVES** an award in the amount of $13,900.00. The Court further **ORDERS** Plaintiff's counsel to refund Plaintiff $7,346.84 for the EAJA fees previously paid.

**IT IS SO ORDERED**.

Dated:  May 5, 2026

Hon. Anthony J. Battaglia
United States District Judge

23-cv-01170-AJB-KSC